Deepali A. Brahmbhatt (SBN 255646)
Email: dbrahmbhatt@devlinlawfirm.com
DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
Telephone:     (650) 254-9805

Timothy Devlin (*pro hac vice*)
Email: tdevlin@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010

Attorneys for Non-Party C.W.,
a minor and through his Guardian, Rebecca White.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# [SAN FRANCISCO DIVISION]

| | |
|---|---|
| K.W., a minor, by and through K.W.'s guardian, Jillian Williams, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EPIC GAMES, INC.,<br><br>Defendant. | Case No. 3:21-cv-00976-CRB<br><br>**NON-PARTY C.W.'S REPLY TO OPPOSITION TO SEAL AND ENJOIN PLAINTIFFS AND COUNSEL FROM FUTURE BREACHES**<br><br>CLASS ACTION<br><br>The Hon. Judge Charles R. Breyer<br><br>Trial Date: None Set |

## REPLY TO OPPOSITION TO SEAL AND ENJOIN FUTURE BREACHES

C.W. is not a party to this case or to the *Zanca* matter in North Carolina. He dismissed his claims against defendant Epic Games, Inc., and does not wish to have further involvement in litigation. One LLP formerly represented C.W.; One LLP undisputedly knows that the information they have made public about C.W. is confidential and that they only learned it because they filed an attorneys' lien against C.W. and his mother; and One LLP is using this information improperly to aid the fee-driven objection they have filed in North Carolina. C.W. has nothing to do with this dispute and asks only that (1) the information One LLP included about him in the public docket of this case be sealed, and (2) this Court direct Plaintiffs' counsel in this case to desist from further references to C.W.'s confidential information.

Plaintiffs' objection that C.W. cannot seek this relief with moving to intervene as a plaintiff in this case lacks merit. It is routine, for example, for persons and entities that receive third-party subpoenas to come to court seeking confidential treatment for the information they provide.[1] Here, not only is the information at issue confidential, but One LLP agreed by email dated February 9 to preserve the confidentiality of that information. They admit as much. (*See* ECF 33 Response at 2 n.1.) There is no excuse for their violation of their agreement and their former client's clearly expressed wishes.

*Brooks v. Seattle Housing Authority*, No. C12-0878-JCC, 2017 WL 6310481 (W.D. Wash. Dec. 11, 2017), which Plaintiffs' counsel cite, is not on point. In *Brooks*, an employee of the defendant submitted a sworn declaration, publicly, in the case. Two years later, the employee moved the court to seal his declaration. The court held that request not to be proper. That ruling has no bearing on attorneys sharing confidential information of a former client that was never filed in court. *Aichele v. City of Los Angeles*, No. 12-10863 DMG (FFMx), 201 WL 12130582 (C.D. Cal. June 6, 2013), is even less relevant. In *Aichele*, an arrestee unsuccessfully sought to intervene in a false arrest class action. The failed

---

[1] Plaintiffs' counsel cite *Apple v. Samsung Electronics Co., Ltd.*, No. 11-CV-1846-LHK, 2013 WL 3958232 (N.D. Cal. July 29, 201), where a company that had licensed technology to Apple filed a motion to intervene for the limited purpose of asking that the license agreement—which undisputedly was relevant to the court's consideration of the dispute between Apple and Samsung—be sealed. Neither party objected to the licensor's request and the court did not rule that the licensor had to intervene in order to make its request. Here, moreover, the information C.W. seeks to seal has no relevance whatsoever to the dispute between Plaintiffs in this case and Epic Games. Plaintiffs' counsel introduced that information gratuitously to aid their objection to the class action settlement in North Carolina, which would moot this case if finally approved.

intervenor's reply brief made a vague request to enjoin the parties from "introducing 'matters' or 'discussion' related to" other cases pending in federal and state court, which the *Aichele* court held to be unjustified. Here, C.W. asks only that his former attorneys stop using confidential information of his—information that they explicitly promised to keep confidential—against his wishes.

Even if it is true that Epic Games' counsel disclosed an aspect of C.W.'s confidential information to Plaintiffs' counsel here, that disclosure came in the context of knowing that Plaintiffs' counsel had been C.W.'s counsel and had a lien pending. Epic Games' counsel knew that Plaintiffs' counsel either already had learned or soon enough would learn the circumstances of C.W.'s dismissal of his claims, and on the same day of Plaintiff's counsel's alleged conversation with Epic Games' counsel—February 9—One LLP's John Lord emailed the undersigned and confirmed that he would preserve the confidentiality of C.W.'s information. Confidentiality applies to all parties, the first line of the confidentiality provision is sufficient and states so. (ECF 32, Brahmbhatt Decl. ¶ 9.) Plaintiffs' counsel's contention, therefore, that a conversation with Epic Games' counsel justifies their violation of C.W.'s confidences, is flatly wrong.

Even after filing of this motion, Plaintiffs' counsel actively continue to publicly disparage former client, C.W's dismissal and continue to breach his confidentiality. Plaintiffs' counsel filed a notice in the closed C.W. action (N. D. Cal. Civ. No. 4:19-cv-3629-YGR, ECF 104) and statements in filing an objection in the class action settlement in North Carolina *Zanca, et al. v. Epic Games, Inc.*, No. 21-CVS-534 (N.C. Super. Ct., Wake County) on Monday April 12, 2021. In those filings, Plaintiffs' counsel appear to confuse the plain meaning of "concealing" versus "filing under seal." Even if the purported reason that disclosure is required by law is true (which is clearly not true here), Plaintiffs' counsel necessarily have a duty to file under seal and not make a public disclosure.

For these reasons, and as discussed in C.W.'s motion, C.W. respectfully requests that the Court seal any references to underlying circumstances related to his dismissal and direct Plaintiffs' Counsel not to engage in further public discussions of C.W.'s confidential information.

Respectfully submitted,

DATED: April 14, 2021                /s/ *Deepali A. Brahmbhatt*_____
                                     Deepali A. Brahmbhatt

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEVLIN LAW FIRM LLC
3120 Scott Blvd. #13,
Santa Clara, CA 95054
(650) 254-9805
dbrahmbhatt@devlinlawfirm.com

Timothy Devlin (*pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Email: tdevlin@devlinlawfirm.com

*Attorneys for Non-Party Minor C.W.,*
*a minor and through his Guardian, Rebecca White.*