IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.W., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EPIC GAMES, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-00976-CRB<br><br>**ORDER STAYING CASE** |

　　　　Plaintiffs K.W. (a minor) and K.W.'s guardian Jillian Williams are suing Defendant Epic Games, Inc. regarding Epic's practices relating to in-video game sales to minors and disaffirmance/refund policies relating to those sales. See Complaint (dkt. 1) ¶¶ 1–3. Epic has moved to stay this case, see Mot. to Stay (dkt. 18), and to dismiss the Complaint or compel arbitration, see Mot. to Dismiss or Compel (dkt. 23). The motion to stay is based on a North Carolina state court decision preliminarily approving a class action settlement in a case against Epic. See Preliminary Approval Order, Zanca, et. Al. v. Epic Games, Inc., No. 21-CVS-534 (N.C. Sup. Ct., Wake County) (dkt. 18-3). The parties agree that the proposed settlement, if finally approved, would settle Plaintiffs' claims here unless Plaintiffs opt out. See Mot. to Stay at 1; Opp. to Mot. to Stay (dkt. 21) at 4–5. The preliminary approval order also purports to enjoin all settlement class members from commencing, continuing, or prosecuting "any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval pursuant to the Settlement." Preliminary Approval Order ¶ 29. A final approval hearing is set for May 6, 2021. See Jacobson Decl. (dkt. 18-1) ¶ 12.

　　　　The Court hereby grants a limited stay of this action, for 60 days or until the Zanca

court grants or denies final approval of the proposed settlement—whichever is earlier. This Court has "inherent" power to stay proceedings after weighing any relevant "competing interests." Landis v. North American Co., 229 U.S. 248, 254–55 (1936).[1] "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).  Here, a stay "will allow both parties to conserve their resources should a settlement . . . be finalized." In re JPMorgan Chase LPI Hazard Litig., 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013). Given that a final decision on the settlement appears to be on the horizon, this stay will not prejudice Plaintiffs.  Plaintiffs have made clear that they oppose the proposed Zanca settlement, but their challenge to that settlement is properly addressed to the Zanca court. This Court also declines to assume whether Plaintiffs here would opt out of the Zanca settlement if it is approved.[2]

The parties are ordered to notify this Court when the Zanca court grants or denies final approval of the proposed settlement.  If the Zanca court does not make such a decision within 60 days from the date of this order, the parties are instructed to file a joint status report.[3]

---

[1] Contrary to Plaintiffs' arguments, Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), which controls when a federal court may abstain from exercising its jurisdiction over a case given concurrent state proceedings, does not apply here.  Here, the Court is imposing a limited stay rather than declining to hear the case.

[2] The Court notes that this stay is not based on the Zanca preliminary approval order's antisuit injunction.  See Donovan v. City of Dallas, 377 U.S. 408, 413 (1964) ("[T]he state courts are completely without power to restrain federal-court proceedings in in-personam actions . . . and it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself.").  The Court is not presently persuaded that it may read a class action exception into Donovan's clear holding.

[3] Plaintiffs' administrative motion for leave to file a reply with respect to Plaintiffs' motion to consider whether cases should be related (dkt. 17) is denied as moot because Judge Rogers has denied the relevant motion to relate cases (dkt. 25).  The third party administrative motion to seal parts of Plaintiffs' opposition to Epic's motion to stay (dkt. 32) is denied for lack of good cause shown.

**IT IS SO ORDERED.**

Dated: April 19, 2021

CHARLES R. BREYER
United States District Judge