MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California 94111-4180
Telephone:    415-591-7500
Facsimile:    415-591-7510

JEFFREY S. JACOBSON (*pro hac vice*)
Jeffrey.Jacobson@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone:    212-248-3140
Facsimile:    212-248-3141

Attorneys for Defendant
EPIC GAMES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| K.W., a minor and through K.W.'s guardian, Jillian Williams, and JILLIAN WILLIAMS, individually, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>            v.<br><br>EPIC GAMES, INC.,<br><br>                    Defendant. | Case No. 3:21-cv-00976-CRB<br><br>**DEFENDANT EPIC GAMES, INC.'S NOTICE OF MOTION AND <u>UNOPPOSED</u> MOTION TO DISMISS ON GROUNDS OF MOOTNESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     May 20, 2022<br>Time:    10:00 a.m.<br>Ctrm:    6 – 17th Floor<br>Judge:   Hon. Charles R. Breyer<br><br>Action Filed:  February 8, 2021<br>Trial Date:     None set |

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EPIC GAMES, INC.'S NOTICE OF MOTION AND
UNOPPOSED MOTION TO DISMISS CASE AS MOOT

CASE NO. 3:21-cv-00976-CRB

**NOTICE OF MOTION AND MOTION – SUMMARY OF ARGUMENT**

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 17th Floor of the above Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Epic Games, Inc. ("Epic Games") will and hereby does move <u>without opposition</u> for an order dismissing this case, with prejudice, as moot.

Plaintiffs K.W. and Jillian Williams are members of the nationwide class of *Fortnite* players certified for settlement purposes in *Zanca v. Epic Games, Inc.*, No. 21-CVS-534 (N.C. Super. Ct.). The trial court in *Zanca* granted final approval to that settlement on November 18, 2021. Plaintiffs and one other member of the *Zanca* class submitted a joint objection to the settlement and appealed from the trial court's order approving the settlement. On April 8, 2022, however, the objectors withdrew their appeal. Accordingly, the *Zanca* settlement has become final. Because the release of claims provided for by the *Zanca* settlement agreement extends to all the claims Plaintiffs have pleaded or could plead in this case, the finality of the *Zanca* settlement has rendered this case moot. Epic Games therefore seeks dismissal of the case, and Plaintiffs' counsel have authorized Epic Games to represent to the Court that the motion is <u>unopposed</u>.

The instant Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support, the Declaration of Jeffrey S. Jacobson and exhibits thereto, as well as all papers and pleadings on file herein, and such argument as properly may be presented at a hearing (if necessary).

Dated: April 13, 2022

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Jeffrey S. Jacobson*
    Jeffrey S. Jacobson (*pro hac vice*)
    Matthew J. Adler

Attorneys for Defendant
EPIC GAMES, INC.

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Hesse v. Sprint Corp.*,
 595 F.3d 581 (9th Cir. 2010) ................................................................................................... 3

*Kremer v. Chem. Const. Corp.*,
 456 U.S. 461 (1982) ................................................................................................................. 3

*Matsushita Elec. Indus. Co. v. Epstein*,
 516 U.S. 367 (1996) .............................................................................................................. 2, 3

*Ehrenhaus v. Baker*,
 717 S.E.2d 9 (N.C. Ct. App. 2011) ......................................................................................... 3

*Zanca v. Epic Games, Inc.*,
 No. 21-CVS-534 (N.C. Super. Ct., Wake County) ......................................................... 1, 2, 3

**FEDERAL STATUTES**

28 U.S.C. § 1738 ............................................................................................................................ 2

Full Faith and Credit Act ........................................................................................................... 2, 3

**STATE STATUTES**

California Family Code § 6710 .................................................................................................... 1

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EPIC GAMES, INC.'S NOTICE OF MOTION AND
UNOPPOSED MOTION TO DISMISS CASE AS MOOT        - ii -        CASE NO. 3:21-CV-00976-CRB

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff K.W., a minor, and his mother Jillian Williams, assert several claims in this case arising from K.W.'s having played *Fortnite*, a highly popular video game published by Epic Games, and having made in-game purchases while playing. Among other things, Plaintiffs assert that certain of Epic Games' sales and marketing practices violated California consumer protection statutes and that K.W., as a minor, should be able to "disaffirm" his purchases pursuant to California Family Code § 6710 and therefore receive a full refund for those purchases. Plaintiffs filed this case in February 2021, but the Court stayed the case on April 19, 2021, while the court in a parallel matter, *Zanca v. Epic Games, Inc.*, No. 21-CVS-534 (N.C. Super. Ct., Wake County) considered the fairness of an earlier-proposed nationwide class action settlement which, if approved, would moot Plaintiffs' case. *See* Dkt. 36 at 1-2. The Court renewed that stay six times, most recently on February 2, 2022. *See* Dkt. 38, 40, 42, 45, 49, 51.

The trial court in *Zanca* granted final approval to the settlement on November 18, 2021. *See* Dkt. 47-1 (final approval order). As the parties advised the Court on February 1, 2022 (Dkt. 50), the lone group of objectors to the settlement—Plaintiffs and one other commonly-represented member of the *Zanca* settlement class—timely filed an appeal from that final approval order. The objectors/appellants, however, withdrew that appeal on April 8, 2022. *See* Declaration of Jeffrey S. Jacobson ("Jacobson Decl.") ¶ 2 & Ex. A (notice of withdrawal). Now that the appeal has been dismissed by the only people who had standing to appeal, the *Zanca* settlement has become final.

The *Zanca* settlement class is defined by the trial court's final approval order to include "[a]ll persons in the United States who, at any time between July 1, 2015, and [February 25, 2021], had a *Fortnite* or *Rocket League* account that they used to play either game on any device and in any mode, and (a) exchanged in-game virtual currency for any in-game benefit, or (b) made a purchase of virtual currency or other in-game benefit for use within *Fortnite* or *Rocket League*.[1] *See* Dkt. 47-1 at 56. Plaintiffs are members of the *Zanca* settlement class. *See* Dkt. 1 (Complaint) ¶¶ 43-44 (alleging that K.W. made in-game purchases while playing *Fortnite* in and after 2018).

---

[1] *Rocket League* is another popular video game published by Epic Games.

The *Zanca* settlement's Effective Date occurred one business day after "the date of final dismissal of any appeal." Jacobson Decl. Ex. B (Settlement Agreement) at ¶ 1.11(iii). The settlement thus became effective on April 11, 2022.

The definition of "Released Claims" in the *Zanca* Settlement Agreement includes "any and all claims or causes of action of every kind and description . . . and any allegations of wrongdoing . . . and any demands for legal, equitable, or administrative relief . . . that the Releasing Parties had or have (including assigned claims and 'Unknown Claims' as defined herein) that have or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator, tribunal, or administrative body. . . ." The definition "specifically extends to any allegation that, during the Class Period, any of the Released Parties committed a breach of contract; violated any state's consumer fraud or deceptive trade practice laws or any similar federal law; violated federal or any state's gaming laws; or committed any other tort or common-law violation in connection with the purchase or sale of virtual currency or any other in-game item, benefit, or enhancement related to the play of *Fortnite* or *Rocket League*." Jacobson Decl. Ex. B at ¶ 1.21.

Epic Games contends, and Plaintiffs do not dispute, that all the claims asserted in this action are Released Claims as defined in the *Zanca* settlement. Because the *Zanca* settlement has become final, and because Plaintiffs are members of the *Zanca* settlement class, they are bound by the Settlement Agreement. Pursuant to that agreement, Plaintiffs "shall be deemed to have released, and by operation of the Final Judgement shall have . . . released . . . all Released Claims against [Epic Games]." Jacobson Decl. Ex. B at ¶ 3.1. Epic Games thus contends that this action should be dismissed, with prejudice, as moot. Plaintiffs have authorized Epic Games to communicate to the Court that they do not oppose this motion.

## ARGUMENT

The Full Faith and Credit Act generally requires federal courts to afford the "judicial proceedings" of any State "the same full faith and credit . . . as they have by law or usage in the courts of such State" as determined by the rules of the State. 28 U.S.C. § 1738; *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). In assessing whether to afford a State judicial proceeding full faith and credit, the Court "must look to state law in determining the preclusive

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EPIC GAMES, INC.'S NOTICE OF MOTION AND
UNOPPOSED MOTION TO DISMISS CASE AS MOOT

- 2 -

CASE NO. 3:21-cv-00976-CRB

effect of a state court judgment releasing such claims." *Hesse v. Sprint Corp.*, 595 F.3d 581, 587 (9th Cir. 2010) (applying *Matsushita*). The Full Faith and Credit Act remains applicable even where "the judgment was the product of a class action and incorporated a settlement agreement releasing claims within the exclusive jurisdiction of the federal courts." *Matsushita*, 516 U.S. at 373. In other words, "a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the Act." *Id.* at 374.

The *Zanca* settlement approved by the state court system in North Carolina, where Epic Games is headquartered, is entitled by law to full faith and credit in this Court. North Carolina law comports with the general rule that a judgment entered on a settlement is entitled to full effect. *See, e.g.*, *Ehrenhaus v. Baker*, 717 S.E.2d 9, 23 (N.C. Ct. App. 2011) (explaining that by opting out of a class action settlement a "class member avoids the *preclusive effect of the settlement*") (emphasis added). As such, under the Full Faith and Credit Act, the North Carolina judgment approving the nationwide settlement in *Zanca* must be given the same effect in this Court as it would be given in a North Carolina state court. *See Matsushita*, 516 U.S. at 373; *see also Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982) ("[S]tate proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law."). Here, Plaintiffs' claims were released under the terms of the *Zanca* settlement. Jacobson Decl. Ex. B at ¶ 3.1. Accordingly, just as a North Carolina state court would treat Plaintiffs' claims as released, this Court must do the same. Because Plaintiffs have released their claims by operation of the *Zanca* settlement, the case is moot.

//
//
//
//
//
//
//

## **CONCLUSION**

Based on the foregoing, Epic Games respectfully requests that the Court grant this <u>unopposed</u> motion and dismiss Plaintiffs' Complaint, with prejudice, as moot.

Dated: April 13, 2022

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Jeffrey S. Jacobson*
    Jeffrey S. Jacobson (*pro hac vice*)
    Matthew J. Adler

Attorneys for Defendant
EPIC GAMES, INC.